IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| LEXTER KENNON KOSSIE | § | |
|     TDCJ #700661 | § | |
| v. | § | C.A. NO. C-09-008 |
| | § | |
| CHRISTINA MELTON CRAIN, ET AL. | § | |

## ORDER OF DISMISSAL

This case was filed as a civil rights action by a state prisoner pursuant to 42 U.S.C. § 1983.

Pursuant to the Prison Litigation Reform Act, Pub. L. No. 104-134, 10 Stat. 1321 (1996), any prisoner action brought under federal law must be dismissed if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. See 42 U.S.C. § 1997e(c); 28 U.S.C. §§ 1915(e)(2), 1915A. Plaintiff's action is subject to screening regardless whether he prepays the entire filing fee, or proceeds as a pauper. Ruiz v. United States, 160 F.3d 273, 274 (5th Cir. 1998) (per curiam); Martin v. Scott, 156 F.3d 578, 580 (5th Cir. 1998) (per curiam). Plaintiff's pro se complaint must be read indulgently, see Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam), and his allegations must be accepted as true, unless they are clearly irrational or wholly incredible. Denton v. Hernandez, 504 U.S. 25, 32-33 (1992).

Applying these standards, plaintiff's action is dismissed because he has failed to demonstrate that he has suffered any constitutional harm as a result of defendants' actions.

## I. JURISDICTION

The Court has federal question jurisdiction over this civil rights action pursuant to 28 U.S.C. § 1331. Upon consent of the plaintiff, (D.E. 6), this case was referred to a magistrate

judge to conduct all further proceedings, including entry of final judgment. (D.E. 7); see also 28 U.S.C. § 636(c).

## II. BACKGROUND FACTS AND PLAINTIFF'S ALLEGATIONS

Plaintiff is a state prisoner who is currently confined at the McConnell Unit in Beeville, Texas. He filed this lawsuit on January 20, 2009, alleging that defendants were arbitrarily and capriciously applying the policies of the Texas Department of Criminal Justice ("TDCJ") to him, in that they continued to award him good time credit, despite the fact that he was ineligible for mandatory supervised release, and the credit was therefore meaningless. (D.E. 1). Defendant Christina Melton Crain is the former Chairwoman of the Texas Board of Criminal Justice in her official capacity.[1] Brad Livingston is the Executive Director of the TDCJ in his official capacity.

A Spears[2] hearing was conducted on February 11, 2009. Plaintiff was also granted leave to amend his complaint on February 25, 2009. (D.E. 13). The following allegations were made in plaintiff's original complaint, at the hearing, or in his amended complaint.

Because Article 42.12 of the Texas Code of Criminal Procedure was amended by the 70th Legislature, plaintiff asserts that the new provisions required the TDCJ to alter its policies regarding the award of good time and work time to prisoners. Pursuant to this amendment, certain offenders were disqualified to receive good time and work time credits. These offenders are called "3g" offenders (offenders listed in article 42.12 § 3g).

Plaintiff was convicted of aggravated robbery by the 185th Judicial District Court in Harris County, Texas. Kossie v. State, No. 14-94-01171, 1997 WL 109996 (Tex. App. Mar. 13,

---

[1] Defendant Crain's tenure on the Board concluded in May 2008.

[2] Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985); see also Eason v. Holt, 73 F.3d 600, 603 (5th Cir. 1996) (stating that testimony given at a Spears hearing is incorporated into the pleadings).

1997) (unpublished).  This conviction was affirmed by the 14th District Court of Appeals.  <u>Id.</u>

Based on this conviction, plaintiff is a 3g offender and is therefore ineligible to receive good time and work time credits from TDCJ.  He alleges that because defendants feared that 3g offenders would cease to adhere to institutional rules and perform work assignments if they were not awarded good time and work time credit, defendants continued to award good time and work time credits to 3g offenders, despite the fact that the credits were meaningless.

Plaintiff explains that Administrative Directive 04.08 (Rev. 8) was amended on March 30, 2007, and specifically states that 3g offenders are to be awarded good time credit in the same manner and by the same criteria as all other categories of offenders.  He alleges that his cause of action accrued based on this amendment.

Plaintiff is a 3g offender who has accrued 37 years of good time.  He asserts that this policy violates both due process and equal protection.  He claims that defendants can take away his credits as punishment, thereby using his credits against him, but he will never be able to use the credits to reduce his sentence.  He believes that it is unfair that the defendants have implied that he has legitimate good time when in fact he does not.  He also argues that 3g offenders are subject to the same disciplinary rules and work requirements as other offenders, and ought to be compensated for their good behavior and work in the same way as other offenders are; <u>i.e.</u>, by receiving legitimate good time credits.  He asserts that as a result of the defendants' violating his right to be free from arbitrary government action, he has suffered distress and mental anguish.  It is very distressing for him to think that defendants can use the credits against him in a disciplinary hearing, but that he will never be able to use them to shorten the length of his sentence through mandatory supervision.  He seeks monetary compensation for the fictitious

good time credits already awarded to him, and injunctive relief prohibiting defendants from instituting a disciplinary case against him, or requiring him to work until they can award him legitimate good time credits.

### III. DISCUSSION

**A.      Legal Standard For A Civil Rights Action Pursuant To 42 U.S.C. § 1983.**

Federal law provides for <u>sua sponte</u> dismissal if the Court finds that the complaint is frivolous or that it fails to state a claim upon which relief can be granted. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(a); 42 U.S.C. § 1997e(c)(1). A complaint is frivolous if it "lacks an arguable basis either in law or in fact." <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989).

The Supreme Court has established that "[t]o state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." <u>West v. Atkins</u>, 487 U.S. 42, 48 (1988); <u>see also</u> <u>Biliski v. Harborth</u>, 55 F.3d 160, 162 (5th Cir. 1995). An action may be dismissed for failure to state a claim when it is clear that the prisoner can prove no set of facts in support of his claim entitling him to relief. <u>Oliver v. Scott</u>, 276 F.3d 736, 740 (5th Cir. 2002) (citation omitted). The complaint must be liberally construed in favor of the prisoner and the truth of all pleaded facts must be assumed. <u>Id.</u> (citation omitted).

**B.      Plaintiff Cannot Assert A Claim Against Defendants In Their Official Capacity.**

Plaintiff has sued defendants in their official capacities for money damages. A suit against a prison employee in his official capacity is the same as a suit against the entity the employee represents. <u>See</u> <u>Kentucky v. Graham</u>, 473 U.S. 159, 166 (1985). The Eleventh

Amendment bars a suit for money damages against a state or state agency. See Seminole Tribe of Florida v. Florida, 517 U.S. 44, 54 (1996). A judgment may not be entered against a state officer in his official capacity for violating federal law in the past. Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc. 506 U.S. 139, 146 (1993). To the extent plaintiff is suing defendants in their official capacities for money damages, that claim is barred by the Eleventh Amendment and is dismissed.

**C.      Plaintiff Has Failed To State A Due Process Claim.**

Plaintiff claims that defendants have arbitrarily and capriciously applied their policies to him, resulting in the award of fictitious good time credits, causing him distress.

Texas state prisoners may become eligible for release either by parole, or through a mandatory supervised release program. Madison v. Parker, 104 F.3d 765, 768 (5th Cir. 1997). Since 1977, Texas law has provided that good conduct time credits "appl[y] only to eligibility for parole or mandatory supervision," rather than an actual reduction in an inmate's sentence. Ex parte Hallmark, 883 S.W.2d 672, 674 (Tex. Crim. App. 1994) (per curiam) (quoting Tex. Rev. Civ. Stat. Art. 6181-1 § 4) (now codified at Tex. Gov't Code § 498.003(a)). The Texas Court of Criminal Appeals has held that inmates who are eligible for release to mandatory supervision do have a protected liberty interest in that release. See Ex parte Geiken, 28 S.W.3d 553, 558-59 (Tex. Crim. App. 2000) (en banc). An inmate's interest in parole, however, is entirely speculative, and as such, an inmate has no constitutional expectancy in parole. Allison v. Kyle, 66 F.3d 71, 74 (5th Cir. 1995) (per curiam) (citations omitted); see also Orellana v. Kyle, 65 F.3d 29, 32 (5th Cir. 1995) (per curiam) (citations omitted) (petitioner has no liberty interest in obtaining parole in Texas). Thus, to the extent plaintiff claims that his loss of good

time credits adversely affects his parole eligibility, he fails to state a constitutional claim.

Because he has no constitutional expectancy of early release on parole, plaintiff is only entitled to due process in the context of lost good time credits if he has a liberty interest in mandatory supervision. To have a liberty interest in mandatory supervision, the inmate must be eligible for such supervised release. See Malchi v. Thaler, 211 F.3d 953, 957-58 (5th Cir. 2000) (only sanctions that result in the loss of good-time credits for inmates who are eligible for release on mandatory supervision or that otherwise directly and adversely affect release on mandatory supervision will impose upon a liberty interest) (citations omitted).

Pursuant to Texas law, inmates are not eligible for release to mandatory supervision if they are serving a sentence for certain crimes. See Tex. Code Crim. Proc. art. 42.12 § 3g(a); see also Tex. Gov't Code § 508.149(a)(11) ("[a]n inmate may not be released to mandatory supervision if the inmate is serving a sentence for" aggravated robbery). Plaintiff was convicted of aggravated robbery, a section 3g crime, which excludes him from mandatory release consideration. Tex. Code Crim. Proc. art. 42.12 § 3g(a)(1)(F). Thus, he fails to state a claim, and dismissal is appropriate.

To the extent that plaintiff is arguing that defendants violated due process by arbitrarily and capriciously applying TDCJ policies to him, he appears to be asserting an Accardi violation. See United States ex rel. Accardi v. Shaughnessy, 347 U.S. 260 (1954). However, in Richardson v. Joslin, the Fifth Circuit rejected such a claim, explaining that "[t]he Accardi doctrine 'stands for the unremarkable proposition that an agency must abide by its own regulations.'" 501 F.3d 415, 418 (5th Cir. 2007) (quoting Chevron Oil Co. v. Andrus, 588 F.2d 1383, 1386 (5th Cir. 1979)). In other words, "an agency's failure to afford an individual procedural safeguards

required under its own regulations may result in the invalidation of the ultimate administrative decision." Id. (citations omitted). However, where a petitioner has "received all the procedural safeguards to which he was entitled under the statute and regulations," he has not been deprived of due process. See id. (holding that where Bureau of Prisons afforded appropriate review to petitioner's claim of entitlement to sentence reduction, he was not entitled to relief on substance of regulation). Here, petitioner asserts no procedural defect; rather, he quarrels with the substance of defendants' policy. Because he has no liberty interest in mandatory supervision, his argument fails.

**D.      Plaintiff Has Failed To State An Equal Protection Claim.**

Plaintiff also asserts that defendants have deprived him of his right to equal protection because they have awarded legitimate good time credit to other offenders while depriving him of the benefit of legitimate good time. The Equal Protection Clause of the Fourteenth Amendment provides "that no State shall 'deny to any person within its jurisdiction the equal protection of the laws,' which is essentially a direction that all persons similarly situated should be treated alike." City of Cleburne v. Cleburne Living Ctr., 473 U.S. 432, 439 (1985) (quoting Plyler v. Doe, 457 U.S. 202, 216 (1982)). The Fifth Circuit has further explained that "[t]o state a claim under the Equal Protection Clause, plaintiff must allege that a state actor intentionally discriminated against the plaintiff because of membership in a protected class." Williams v. Bramer, 180 F.3d 699, 705 (5th Cir. 1999) (citation omitted).

Petitioner must show that defendants acted with a discriminatory purpose and thus cannot base an equal protection claim solely on a personal belief that he was a victim of discrimination. See Woods v. Edwards, 51 F.3d 577, 580 (5th Cir. 1995) (per curiam); see also United States v.

Galloway, 951 F.2d 64, 65 (5th Cir. 1992) (per curiam) ("Discriminatory purpose in an equal protection context implies that the decisionmaker selected a particular course of action at least in part because of, and not simply in spite of, the adverse impact it would have on an identifiable group.") (citation omitted).  Vague and conclusory allegations are insufficient to raise an equal protection claim.  See Pedraza v. Meyer, 919 F.2d 317, 318 n.1 (5th Cir. 1990) (per curiam).

Moreover, "[a] classification that categorizes inmates based on the type of criminal offenses for which they have been convicted does not implicate a suspect class." Wottlin v. Fleming, 136 F.3d 1032, 1036 (5th Cir. 1998) (per curiam) (citation omitted).  Thus, a rational basis test should be used to evaluate plaintiff's equal protection claim.  Id. at 1037 (citation omitted).  The State has a legitimate interest in preventing certain offenders from obtaining early release.  See id.  Accordingly, the State has a rational basis for awarding good time credits to non-3g offenders but not to 3g offenders.  Therefore, plaintiff cannot state an equal protection claim, and his complaint is dismissed.

**E.      Plaintiff Has Failed To Establish That He Suffered Any Injury.**

Finally, plaintiff has failed to identify any harm that he has suffered as a result of defendants' policy.  In his amended complaint, he asserted that "he has suffered psychological distress, depression, and mental anguish in the form of unnecessary anger, unnecessary worrying, unnecessary anxiety and indignation." (D.E. 12, at 7).  He further elaborated, explaining that "the thought of having 39 years worth of fictitious good time is very depressing to plaintiff considering that plaintiff can never use the credits but the defendant can use the fictitious [credits] against plaintiff during a disciplinary hearing." Id. at 7-8.  He also alleged that his anxiety and anger caused him migraine headaches.  Id. at 8.

Section 1997(e) provides that "[n]o federal civil action may be brought by a prisoner for mental or emotional injury suffered while in custody without a prior showing of physical injury." The "physical injury" required by § 1997(e) "must be more than de [minimis] but need not be significant." Harper v. Showers, 174 F.3d 716, 719 (5th Cir. 1999) (citation omitted); accord Alexander v. Tippah County, Miss., 351 F.3d 626, 631 (5th Cir. 2003). A headache, even one requiring medication, is by itself a de minimis injury. See Marshall v. Odom, 156 F. Supp. 2d 525, 530 (D. Md. 2001).

Because plaintiff has no constitutionally protected interest in receiving legitimate good time credit, he cannot claim that defendants are required to award him legitimate good time credit. Moreover, he loses nothing of value if the good time credit he has been awarded is taken away. Although plaintiff appears to be concerned that defendants could alter his housing status on the basis of loss of good time credits, he conceded at the hearing that defendants would be able to reduce his housing status or otherwise punish him even in the absence of the good time credit.

To the extent that he appears to claim that defendants cannot punish him or require him to work unless they award him legitimate good time credit, this claim is patently frivolous. "Discipline by prison officials in response to a wide range of misconduct falls within the expected perimeters of the sentence imposed by a court of law." Sandin v. Conner, 515 U.S. 472, 485 (1995). Accordingly, plaintiff has no constitutional right not to be punished by prison officials for misconduct. Moreover, nothing in the Constitution prevents prison officials from requiring a prisoner to work. See Ali v. Johnson, 259 F.3d 317, 318 (5th Cir. 2001) (The Fifth Circuit has held that "forcing inmates to work without pay, and compelling them to work on

9

private property without pay, do not violate the Thirteenth Amendment") (citations omitted); Moody v. Baker, 857 F.2d 256, 258 (5th Cir. 1988) (per curiam) ("a work assignment alone does not rise to a constitutional violation").  Thus, plaintiff has not alleged that defendants have done any more than they have a right to do, and he cannot claim that he has suffered harm.

## IV.  CONCLUSION

Plaintiff fails to state a claim on which relief can be granted, such that his claims are barred by 28 U.S.C. § 1915(e)(2).  For this reason, plaintiff's claims are dismissed with prejudice.

ORDERED this 11th day of March 2009.

_____
BRIAN  L. OWSLEY
UNITED STATES MAGISTRATE JUDGE