IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| LEXTER KENNON KOSSIE § | | |
|    TDCJ-CID # 700661 § | | |
| v. § | | C.A. NO. C-09-008 |
| § | | |
| CHRISTINA MELTON CRAIN, ET AL. § | | |

## ORDER DENYING PLAINTIFF'S MOTION TO RECONSIDER

This is a civil rights action filed by a state inmate pursuant to 42 U.S.C. § 1983. Plaintiff claims that defendants arbitrarily and capriciously applied policies of the Texas Department of Criminal Justice to him by continuing to award him good-time credit despite the fact that he is ineligible for mandatory supervision. (D.E. 1). On March 11, 2009, the action was dismissed for failure to state a claim on which relief could be granted and final judgment was entered. (D.E. 14, 15). Pending is plaintiff's motion to reconsider. (D.E. 16).

### I. ANALYSIS

**A.    Plaintiff's Motion Is Timely.**

A motion to reconsider is timely "filed no later than 10 days after entry of the judgment." Fed. R. Civ. P. 59(e). Final judgment was entered on March 11, 2009. (D.E. 15). Therefore, to be timely filed, a motion to reconsider had to be filed by March 25, 2009. See Fed. R. Civ. P. 6(a). His motion was filed with this Court on March 24, 2009 and thus was timely filed.

**B.    Plaintiff Fails To Establish A Basis For Relief Pursuant To Rule 59.**

Rule 59(e) motions "serve the narrow purpose of allowing a party 'to correct manifest errors of law or fact or to present newly discovered evidence.'" Waltman v. Int'l Paper Co., 875 F.2d 468, 473 (5th Cir. 1989) (citations omitted). Rule 59(e) cannot be used to introduce

evidence that was available prior to the entry of judgment, nor should it be employed to relitigate old issues, advance new theories, or secure a rehearing on the merits. Templet v. HydroChem Inc., 367 F.3d 473, 478-79 (5th Cir. 2004) (citation omitted). To prevail on a Rule 59(e) motion, the moving party must demonstrate the existence of the need to correct a clear error of law, or present newly discovered evidence. Id. at 479.

In his motion for reconsideration, plaintiff argues that he is entitled to reconsideration because (1) he has stated a claim for relief because defendants can use the improperly awarded good-time credits to reduce his housing status; and (2) he was not required to show that he had suffered any harm because he requested only injunctive and declaratory relief. (D.E. 16, at 3-11). In his motion, he argues for reconsideration based on a clear error of law. However, he fails to establish a basis for relief on that ground.

Plaintiff first states that he has an interest in not being awarded good-time credit because defendants can use the good-time credits to reduce his housing status, while he can never use the credits to earn mandatory supervised release. Id. at 8. He claims that "if not for the loss of fictitious good time the defendants could not legally reduce plaintiff's time-earning status, thereby lowering his housing status." Id. This is not properly considered on a motion to reconsider; plaintiff may not "advance new theories" or "secure a hearing on the merits" in such a motion. Templet, 367 F.3d at 478-79.

The Supreme Court has explained that an inmate's liberty interests "will be generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection of the Due Process Clause of its own force..., nonetheless imposes atypical and significant hardship ... in relation to the ordinary incidents of prison life."

Sandin v. Conner, 515 U.S. 472, 484 (1995) (citations omitted).  The Fifth Circuit has further explained that "these interests are generally limited to state created regulations or statutes which affect the quantity of time rather than the quality of time served by a prisoner."  Madison v. Parker, 104 F.3d 765, 767 (5th Cir. 1997).

Not every state action taken for a punitive reason encroaches upon a liberty interest.  Sandin, 515 U.S. at 484.  An inmate's loss of commissary and recreation privileges, and his confinement to solitary, are not atypical, significant deprivations that could create a protected liberty interest.  Id. at 485-86; see also Madison, 104 F.3d at 768 ("[Plaintiff's] 30 day commissary and cell restrictions ... do not represent the type of atypical, significant deprivation in which a state might create a liberty interest.").  Additionally, prisoners have no protected interest in assignment to any good-time credit earning status.  Malchi v. Thaler, 211 F.3d 953 958-59 (5th Cir. 2000); Luken v. Scott, 71 F.3d 192, 193 (5th Cir. 1995) (per curiam).  His future harm for purposes of any claim for injunctive or declaratory relief is illusory in that it does not establish a constitutional violation.  Indeed, plaintiff conceded at the Spears[1] hearing that defendants could lower his housing status even in the absence of good-time credits.  Thus, even if it came to pass, he would not have a viable claim.

Plaintiff relies on Harris v. Garner, 190 F.3d 1279 (11th Cir. 1999), and Harper v. Showers, 174 F.3d 716 (5th Cir. 1999), for his claim that he was not required to assert harm in order to avoid dismissal of his claim.  These cases are inapplicable.  In Harris, the Eleventh Circuit simply enunciated the proposition that a plaintiff need not claim present harm in a § 1983

---

[1] Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985); see also Eason v. Holt, 73 F.3d 600, 603 (5th Cir. 1996) (stating that testimony given at a Spears hearing is incorporated into the pleadings).

action seeking injunctive relief, so long as he pleads a threat of future injury. 190 F.3d at 1288.[2] In <u>Harper</u>, the Fifth Circuit explained that a plaintiff may request injunctive relief even in the absence of physical injury, although the Prison Litigation Reform Act prevents recovery of damages in that situation. 174 F.3d at 719.

      Here, plaintiff has not pleaded facts which establish any constitutional violation, nor facts that reasonably give rise to a claim that a constitutional violation may occur in the future. The facts as plaintiff described them in his complaint and at the <u>Spears</u> hearing simply do not state a claim on which <u>any</u> relief, be it declaratory, injunctive, or monetary, may be granted. Accordingly, plaintiff's action was properly dismissed where he was unable to establish the possibility of a constitutional harm. <u>See</u> <u>Herman v. Holiday</u>, 238 F.3d 660, 665 (5th Cir. 2001); <u>see also</u> <u>Atkinson v. Johnson</u>, 74 Fed. Appx. 365, 2003 WL 22012901, at *1 (5th Cir. Aug. 26, 2003) (per curiam) (unpublished) ("An inmate may obtain injunctive relief if he shows that it is necessary in order 'to prevent a substantial risk of serious injury from ripening into actual harm'") (quoting <u>Farmer v. Brennan</u>, 511 U.S. 825, 845 (1994)). As plaintiff has no right to a specific custodial status, any loss of such status, regardless of whether this deprivation is based on the loss of good-time credit, would be inadequate to establish a constitutional violation.

---

[2] The Eleventh Circuit vacated the panel decision in Harris. <u>Harris v. Garner</u>, 197 F.3d 1059 (11th Cir. 1999) (en banc), <u>opinion reinstated in part</u> 216 F.3d 970 (11th Cir. 2000).

## II.  CONCLUSION

Plaintiff has failed to establish a basis for relief pursuant to Rule 59(e).  Accordingly, his motion for reconsideration, (D.E. 16), is hereby DENIED.

ORDERED this 9th day of April 2009.

_____
BRIAN  L. OWSLEY
UNITED STATES MAGISTRATE JUDGE